THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* BETSEY HUSTIS AND OTHERS, ADMINISTRATORS, &C., OF SAMUEL HUSTIS, DECEASED, PLAINTIFFS, *v.* HENRY GREEN AND OTHERS, COMPOSING THE BOARD OF TOWN AUDITORS OF THE TOWN OF FISHKILL, DEFENDANTS.

*Town bonds—deposit by the supervisor with a bank, of the money to pay such bonds: —when the bank will not be held to act as the agent of one, by whom bonds have been deposited with it for safe keeping.*

MOTION for a new trial on exceptions, ordered to be heard in the first instance at the General Term, after a verdict in favor of the defendants, directed at the Circuit.

The action was brought to procure a *mandamus* to compel the Board of Town Auditors, of the town of Fishkill, to audit certain town bonds, owned by the plaintiff's intestate.

The court, at General Term, said : " This judgment should be reversed. The evidence shows that plaintiff's intestate had four bonds of $500 each, issued by the town of Fishkill. These bonds were all due March 1, 1876, and were all, by their terms, payable at the National Bank of Fishkill. The bonds were in the vaults of the bank, in an envelope, for safe keeping, for Mr. Hustis, the owner. On March 1, 1876, the bank credited Hustis with the coupons. Hustis claimed the principal, probably. The cashier of the bank testifies, ' he may have done so ; ' he also testifies that in March, 1866, ' the coupons were cut off and the bonds put back in the envelope, and that caused the fact to be overlooked that the bonds were due.' The supervisor of the town deposited money to meet the bonds, principal and interest, and the bank credited it to 'bond and coupon account.' The bank failed in the spring of 1877. It does not appear that Hustis had any connection with the bond and coupon account in the bank. I assume certainly, he did not. As I read this transaction, the cashier falsely told Hustis his bonds were not due in 1876 ; that the bank used the money, being in financial difficulty, probably, as it failed soon after. That the credit to bond and coupon account was only a piece of book-keeping by the bank, and was not in any sense a payment of the bonds to Hustis. At all events, the bank were not agents of Hustis in the receipt of the money from the town. If Bartow, the cashier, was authorized to collect of the bank, he never did collect the principal of these bonds.

The case should have gone to the jury. The exceptions are sustained, and a new trial granted, costs to abide event.

*H. H. Hustis*, for the plaintiffs.

*Peter Dorland*, for the defendants.

Opinion by BARNARD, P. J. ; GILBERT and DYKMAN, JJ., concurred.

Exception sustained, and judgment for defendants by direction of court reversed, and new trial granted, costs to abide event.